IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROYCE MCELROY and ALLEAN CRICHLOW, <br><br> Plaintiffs, <br><br> v. <br><br> SERGEANT THOMAS MASON #2368, ROBERTO DELCID #19548, MATTHEW MCDONOUGH #16586, BRANDON DOUGHERTY #18356, WILLIAM KILROY #280, DARIUS ALEXANDER #7727, OFFICER JEFFREY TROUTMAN #18797, SEAN MULKERRIN #17071, KEVIN KELLY #3342, MARK JOHNSON #4922, and the CITY OF CHICAGO, <br><br> Defendants. | Case No.: 08-cv-5739 <br><br> Judge Gettleman <br><br> Magistrate Judge Mason |

## COMPLAINT AT LAW

NOW COME the PLAINTIFFS, by and through Horwitz, Richardson, & Baker LLC., and pursuant to this Complaint at Law, state the following against the above named Defendants, to wit SERGEANT THOMAS MASON #2368, ROBERTO DELCID #19548, MATTHEW MCDONOUGH #16586, BRANDON DOUGHERTY #18356, WILLIAM KILROY #280, DARIUS ALEXANDER #7727, OFFICER JEFFREY TROUTMAN #18797, SEAN MULKERRIN #17071, KEVIN KELLY #3342, MARK JOHNSON #4922, (hereinafter, the "DEFENDANT OFFICERS"), and the CITY OF CHICAGO.

## JURISDICTION

1.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

1

## **PARTIES**

2. PLAINTIFFS are residents of the State of Illinois and of the United States.

3. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## **FACTS**

5. On or about July 13, 2008, at or about 4932 W. Cortez, Chicago, IL, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFFS while raiding PLAINTIFFS' home. The DEFENDANT OFFICERS, used force and/or threatened to use force against the PLAINTIFFS, notwithstanding the fact that on July 13, 2008 the PLAINTIFFS had not committed any criminal offense. This conduct violated the Fourth Amendment to the United States Constitution.

6. On or about July 13, 2008, PLAINTIFFS did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

7. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFFS.

8. The DEFENDANT OFFICERS seized, participated in the seizure and/or failed to prevent the seizure of the PLAINTIFFS notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFFS had committed criminal activity of any sort. The

DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFFS.

9. On July 13, 2008, PLAINTIFFS had not committed an act contrary to the laws of the State of Illinois.

10. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFFS were caused to suffer damages.

11. On or about July 13, 2008, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

12. Upon information and belief, DETECTIVE MASON, on July 13, 2008, came into physical contact with PLAINTIFFS.

13. Upon information and belief, UNKNOWN OFFICERS, on July 13, 2008, came into physical contact with PLAINTIFFS.

**CONSPIRACY**

14. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFFS in the following manner:

      a. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFFS, and

      b. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFFS.

15. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about July 13, 2008, whereby the DEFENDANT OFFICERS

agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFFS to, *inter alia*, suffer injury and suffer emotionally.

## COUNT I
### §1983 Excessive Force

16. PLAINTIFFS re-allege paragraphs 1 – 15 as though fully set forth herein.

17. The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFFS. This conduct violates the Fourth Amendment of the United States Constitution.

18. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT II
### §1983 False Arrest

19. PLAINTIFFS re-allege paragraphs 1 – 15 as though fully set forth herein.

20. The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

21.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT III
## False Arrest –State Claim

22.     PLAINTIFFS re-allege paragraphs 1 – 15 as though fully set forth herein.

23.     The DEFENDANT OFFICERS arrested PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity.  The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

24.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages and costs against the DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT IV
## Battery –State Claim

25.     PLAINTIFFS re-allege paragraphs 1 – 15 as though fully set forth herein.

26.     The DEFENDANT OFFICERS struck the PLAINTIFFS intentionally, without consent and without justification.

27.     The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

28.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages and costs against the DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT V
### § 1983 Conspiracy Claim

29.     PLAINTIFFS re-allege paragraphs 1 – 15 as though fully set forth herein.

30.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and {Fourteenth Amendment.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT VI
### Conspiracy Claim – State Law

31.     PLAINTIFFS re-allege paragraphs 1 – 15 as though fully set forth herein.

32.     The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages and costs against the DEFENDANT

OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT VII
### § 1983 Unlawful Search of Residence

33. PLAINTIFFS re-allege paragraphs 1 – 15 as though fully set forth herein.

34. The DEFENDANT OFFICERS invaded the home owned and/or occupied by PLAINTIFFS without a search warrant, probable cause, exigent circumstances and/or any other lawful basis, and therefore violated the Fourth Amendment to the United States Constitution.

35. The DEFENDANT OFFICERS unlawfully conducted a search therein.

36. The aforementioned actions were the direct and proximate cause of the violations as set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT VIII
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

37. PLAINTIFFS re-allege paragraphs 1 – 15 as though fully set forth herein.

38. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

39. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFFS demands that, pursuant to 745 ILCS 10/9-102, the

CITY OF CHICAGO pay PLAINTIFFS any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

## COUNT IX
### Supplementary Claim for *Respondeat Superior*

40. PLAINTIFFS re-allege paragraphs 1 – 15 as though fully set forth herein.

41. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiffs demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

42. Plaintiffs demand trial by jury.

Respectfully submitted,

s/ Blake Horwitz_____
Attorney for the Plaintiffs
Blake Horwitz

**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076

8